## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARK SCOTT CROFT, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, ANTHONY CROFT AND CARL CROFT, AND MAUREEN CROFT**

**CIVIL ACTION**

**NUMBER 09-760-JJB-DLD**

**VERSUS**

**LIBERTY MUTUAL INSURANCE COMPANY; UNITED PARCEL SERVICE, INC., AND LOYD W. FALLEN**

### MAGISTRATE JUDGE'S REPORT

This automobile accident case is before the court on plaintiffs' motion to remand (rec. doc. 4).  On August 25, 2009, plaintiffs filed a petition against defendants in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and defendants immediately filed a notice of removal alleging diversity jurisdiction, 28 U.S.C. §1332.  Thereafter, plaintiffs filed a motion to remand, which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 6)[1].  The issues before the court are whether the parties are diverse and whether the amount in controversy was satisfied at the time of removal.

### Factual Background

On May 5, 2009, plaintiff Mark Croft was operating his 1996 Toyota Camry in the right lane of eastbound Interstate 10 in Jefferson Davis Parish, Louisiana.  As plaintiff slowed his vehicle to avoid hitting a dog that was on the shoulder, he was rear-ended by a 2007 Sterling Conventional tractor and tandem trailer owned by defendant United Parcel Service, Inc. (UPS)

---

[1] In response to the motion to remand, defendants filed a motion for leave to file amended notice of removal, which has also been referred to undersigned (rec. doc. 5).

and operated by Loyd W. Allen[2].  As a result of the accident, plaintiff  Mark Croft filed suit against UPS, Allen, and Liberty Mutual Insurance Company (UPS's liability insurer), alleging that he suffered "severe personal injuries, including, but not limited to, injuries to his back and head" and "damage to his vehicle and other personal property" (rec. doc. 1).  Plaintiff Mark Croft seeks damages for physical injury and impairment of function, loss of enjoyment of life, mental anguish, loss of wages and loss of future earning capacity, disability, and financial losses occasioned by the accident, as well as past, present, and future pain and suffering and medical expenses.  Id.  Additionally, plaintiff's wife and two minor children allege claims for loss of consortium, service, and society.  Plaintiffs request a trial by jury.

Defendants removed this matter alleging that diversity of citizenship was satisfied and that "upon information and belief" the matter in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs filed a motion to remand, which is now before the court for a report and recommendation.  In response to the motion to remand, defendants filed a motion for leave to amend the notice of removal in an effort to clarify the citizenship of the parties, and an opposition to the motion to remand (rec. docs. 5 and 6).

**<u>Arguments of the Parties</u>**

Plaintiffs argue that the notice of removal is defective because it fails to properly identify the citizenship of each party and to establish that the parties are diverse.  Additionally, plaintiffs argue that the notice of removal fails to set forth facts to establish that the amount in controversy is satisfied and, instead, contains conclusory allegations based on defendants' "information and belief."

---

[2] Plaintiffs improperly named Loyd W. Fallen as a defendant in this matter (rec. doc. 1).

Defendants respond by filing a motion for leave to amend notice of removal to clarify the citizenship of the parties and to establish diversity of citizenship.  Defendants argue that the petition for removal and an independent evaluation of the monetary value of plaintiffs' claims establish that the amount in controversy is satisfied.  Defendants rely on case law where more than $75,000 was awarded for head and back injuries to prove that plaintiffs' claims satisfy the amount in controversy.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).  Remand is proper if at any time the court lacks subject matter jurisdiction.  See 28 U.S.C. §1447(c).  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing  *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The first requirement under 28 U.S.C. §1332 is that the parties be of diverse citizenship, which must exist at the time the action is commenced and at the time of removal to federal court. *Coury v. Port*, 85 F.3d 244 (5th Cir. 1996).   Defendants' amended notice of removal establishes that plaintiffs are citizens of Texas; defendant UPS is an Ohio corporation, with its principal place of business in Georgia; defendant Allen is a citizen of Mississippi; and defendant Liberty Mutual is a Massachusetts insurance company, with its principal place of business in Massachusetts (rec. doc. 5).  Thus, the requirement of complete diversity is satisfied.

The second requirement under 28 U.S.C. §1332 is that the amount in controversy exceed $75,000, which is disputed.   The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; see also *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted).  If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves  to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000.  *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002).   He may establish this by identifying a statute, or by filing a binding stipulation, that so limits his recovery.  *Id.*

The court first looks to the face of the petition to determine whether the amount in controversy is facially apparent.  The petition indicates that plaintiff Mark Croft seeks damages for "severe personal injuries, including, but not limited to, injuries to his back and head." The petition does not indicate the type of back and head injuries sustained, if hospitalization was required, what type of treatment was recommended, or whether surgery is necessary.  Allegations of a non-specific neck or back injury do not prove that the amount in controversy exceeds $75,000. *See Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283 (W.D. La. 2008).

Additionally, plaintiffs' petition includes a laundry list of categories of damages (physical injury and impairment of function, loss of enjoyment of life, mental anguish, loss of wages and loss of future earning capacity, disability, and financial losses occasioned by the accident, as well as past, present, and future pain and suffering and medical expenses) that do not indicate the amount of damages sought. Plaintiff seeks damages for a disability, but he does not identify the extent of his disability or whether and when he was able to return to work. A generic listing of categories of damages, like that asserted by plaintiff, is not sufficient to establish the amount in controversy. *Fontenot,* 2008 WL 4822283, at *4.

The petition includes a claim for "damage to [plaintiff's] vehicle and other personal property," but it does not indicate the type of property damage sustained or what repairs are necessary. Finally, the petition includes claims on behalf of plaintiffs' wife and children for loss of consortium, but it does not elaborate on their damages or indicate the degree of financial loss suffered by the family.[3]  Plaintiffs' vague allegations do not satisfy the facially apparent test for proving amount in controversy. See *Fonetont, supra., Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. 2002).

Because plaintiffs' petition does not satisfy the facially apparent test, the court considers whether defendants have submitted summary judgment-type evidence to establish that the amount in controversy is satisfied.  Defendants' removal offers no new facts regarding plaintiff's injuries and merely restates the vague injuries sustained and categories of damages

---

[3]  Loss of consortium claims generally have the following seven items: (1) loss of love and affection; (2) loss of society and companionship; (3) impairment of sexual relations; (4) loss of performance of material services; (5) loss of financial support; (6) loss of aid and assistance; and (7) loss of fidelity. *Ritter v. Exxon Mobile Corp.*, 2009 WL 2886008 (La. App. 4 Cir. 2009), citing *Campbell v. Webster Parish Police Jury*, 36,391 36,392 (La.App. 2 Cir. 9/18/02), 828 So.2d 170; see also *Thonn v. Cook*, 2003-0763 (La.App. 4 Cir. 12/10/03), 863 So.2d 628.

sought in the petition, which does not satisfy defendants' burden of proving that the amount in controversy exceeds $75,000.

Defendants suggest that the court make an independent evaluation of the monetary value of plaintiff's head and back injury claim based on the amount of damages awarded in other similar cases.  Defendants direct the court's attention to several cases where "in excess of $75,000 was awarded to a plaintiff for head and back injuries" (rec. doc. 6).  The cases cited by defendants involve damage awards made after substantial evidence regarding injuries was introduced at trial.  The cases contain facts about the specific injuries sustained, such as whether the plaintiff suffered a disc herniation, disc protrusion, or experienced numbness, and other evidence indicating the value of the claim, such as whether hospitalization was required, what type of treatment was recommended for the injuries sustained, the extent of the disability, and whether the plaintiff was able to return to work.  None of this information is available in the instant case, either from the face of plaintiffs' petition or from evidence offered by defendants to prove the value of plaintiff's physical injury claim.

When a petition for damages includes vague allegations of damages from which it is difficult to determine the amount in controversy, a defendant may conduct discovery to determine whether the case is removable.  *McKendall v. Home Depot U.S.A., Inc.*, 2009 WL 482156 (E.D. La. 2009), citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Although defendants commonly offer responses to discovery, including medical documentation, to establish the amount in controversy, defendants have not done so in this matter.  See *Nelson v. Wal-Mart Louisiana, L.L.C.*, 2009 WL 3753539 (W.D. La. 2009).  Thus, defendants have not carried their burden of proving by a preponderance of the evidence that plaintiffs' claims will more likely than not exceed $75,000.

**Conclusion**

The amount in controversy is not facially apparent from plaintiffs' vague allegations in the petition, and defendants have failed to offer evidence to prove by a preponderance of the evidence that plaintiffs' claims satisfy the amount in controversy required to establish diversity jurisdiction.  Accordingly,

**IT IS ORDERED** that defendants' motion for leave to file amended notice of removal (rec. doc. 5) is **GRANTED.**

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 4) should be **GRANTED**, and this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 23, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

-7-

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARK SCOTT CROFT, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, ANTHONY CROFT AND CARL CROFT; AND MAUREEN CROFT**

**CIVIL ACTION**

**NUMBER 09-760-JJB-DLD**

**VERSUS**

**LIBERTY MUTUAL INSURANCE COMPANY; UNITED PARCEL SERIVCE, INC., AND LOYD W. FALLEN**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 23, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**